IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carol L. Hall, | ) C/A No. 3:11-3219-CMC-PJG |
| Plaintiff, | ) |
| vs. | ) |
| | ) **REPORT AND** |
| Timothy Champayne, | ) **RECOMMENDATION** |
| Defendant. | ) |

The plaintiff, Carol L. Hall, ("Plaintiff"), proceeding *pro se*, brings this civil action against the named defendant, an employee of the Department of Housing and Urban Development in Columbia, South Carolina. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

Plaintiff's Complaint concerns an alleged delay in a matter that she has pending before the Department of Housing and Urban Development in its Columbia office. The Complaint indicates that the case number is "04-08–146-8/Inquiry No: 241434[.]" Plaintiff's Answers to the Court's Special Interrogatories (ECF No. 11) indicate that the matter is captioned as <u>Carol Hall v. The Biltmore</u>, and the defendant in this case—Timothy Champayne—"Received Mail[.]"[1] No relief is requested in Part IV of the Complaint.

---

[1] Plaintiff does not disclose whether the matter is a claim under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601 <u>et seq</u>.



## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se*

litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**DISCUSSION**

Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352

*PJG*

(4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999) (citing Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 327, 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, 147 F.3d at 352; see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." Pinkley, 191 F.3d at 399 (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Pinkley, 191 F.3d at 399 (citing 2 Moore's Federal Practice § 8.03[3](3d ed. 1997)). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).

The United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. United States v. Mitchell, 463 U.S. 206, 212 (1983). The bar of sovereign immunity cannot be avoided by naming officers or employees as defendants. Gilbert v. Da Grossa, 756 F.2d 1455, 1458 (9th Cir. 1985); cf. Hawaii v. Gordon, 373 U.S. 57, 58 (1963). Similarly, the bar of sovereign immunity cannot be avoided by the filing of a suit against a federal agency or a federal department, such as

*PJG*

the Department of Housing and Urban Development. See Rice v. Nat'l Sec. Council, 244 F. Supp. 2d 594, 599 (D.S.C. 2002); see also Gregory v. S.C. Dept. of Transp., 289 F. Supp. 2d 721, 726 (D.S.C.2003) (finding that the language of the Fair Housing Act "is ambiguous at best," and thus "sovereign immunity is still intact for HUD in this context"). The United States and its departments or agencies cannot be sued under the Bivens doctrine.[2] FDIC v. Meyer, 510 U.S. 471, 486 (1994) (declining to extend Bivens remedy to federal agencies).

As earlier stated, no relief is requested in Part IV of the Complaint. When a plaintiff has failed to ask for relief, a federal district court "'is faced with the prospect of rendering an advisory opinion; federal courts may not render advisory opinions, however.'" Graham v. Harring, C/A No. 4:10-2570-DCN-TER, 2010 WL 5644805, at *2 (D.S.C. Dec. 8, 2010), adopted by 2011 WL 245661 (D.S.C. Jan. 25, 2011), which cites, *inter alia*, FCC v. Pacifica Found, 438 U.S. 726, 735 (1978) ("[F]ederal courts have never been empowered to issue advisory opinions."); see also Herb v. Pitcairn, 324 U.S. 117, 126 (1945) ("We are not permitted to render an advisory opinion[.]");[3] Incumaa v. Ozmint, 507 F.3d 281, 289 (4th Cir. 2007) ("Federal courts are not comprised of philosopher-kings or legislative aides, and the Constitution forbids us from pontificating about abstractions in the law or merely giving

---

[2] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. Bivens is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits.

[3] Other portions of the decision in Herb v. Pitcairn have been superannuated by later case law. See Michigan v. Long, 463 U.S. 1032 (1983).



advice about the potential legal deficiencies of a law or policy when no ongoing controversy exists with respect to that law or policy."); United States v. Burlington N. R.R. Co., 200 F.3d 679, 699 (10th Cir. 1999) (refusing to respond to party's "request for guidance in future cases" because the request was "tantamount to a request for an advisory opinion").

In any event, the defendant's receipt of mail with respect to Plaintiff's pending matter before the Department of Housing and Urban Development will not necessarily affect the timeliness of Department's disposition. See Horton v. Marovich, 925 F. Supp. 540, 543 (N.D. Ill. 1996) ("Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right."); Smith v. Beasley, C/A Nos. 0:07-1641-HFF-BM and 0:07-1642-HFF-BM, 2007 WL 2156632, at *2 (D.S.C. July 25, 2007) (adopting magistrate judge's Report and Recommendation, which cites Horton v. Marovich). Moreover, mandamus relief is not available against the defendant because the allegations in the pleadings indicate that he has indeed received mail sent by Plaintiff. 28 U.S.C. § 1361.

With respect to the unnamed HUD employees who are actually handling the Plaintiff's case, Plaintiff is not entitled to a writ of mandamus where the actions or inactions of the particular federal official are discretionary. Inmates of Attica Corr. Facility v. Rockefeller, 477 F.2d 375, 378-80 (2nd Cir. 1973) (collecting cases); see also In Re Ellerbee, No. 02-6214, 42 F. App'x 629, 2002 WL 1792110 (4th Cir. Aug. 6, 2002) ("Mandamus relief is warranted only when the petitioner has a clear right to the relief sought and there are no other means available for seeking that relief.").

Page 6 of 8

PJG

advice about the potential legal deficiencies of a law or policy when no ongoing controversy exists with respect to that law or policy."); United States v. Burlington N. R.R. Co., 200 F.3d 679, 699 (10th Cir. 1999) (refusing to respond to party's "request for guidance in future cases" because the request was "tantamount to a request for an advisory opinion").

In any event, the defendant's receipt of mail with respect to Plaintiff's pending matter before the Department of Housing and Urban Development will not necessarily affect the timeliness of Department's disposition. See Horton v. Marovich, 925 F. Supp. 540, 543 (N.D. Ill. 1996) ("Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right."); Smith v. Beasley, C/A Nos. 0:07-1641-HFF-BM and 0:07-1642-HFF-BM, 2007 WL 2156632, at *2 (D.S.C. July 25, 2007) (adopting magistrate judge's Report and Recommendation, which cites Horton v. Marovich). Moreover, mandamus relief is not available against the defendant because the allegations in the pleadings indicate that he has indeed received mail sent by Plaintiff. 28 U.S.C. § 1361.

With respect to the unnamed HUD employees who are actually handling the Plaintiff's case, Plaintiff is not entitled to a writ of mandamus where the actions or inactions of the particular federal official are discretionary. Inmates of Attica Corr. Facility v. Rockefeller, 477 F.2d 375, 378-80 (2nd Cir. 1973) (collecting cases); see also In Re Ellerbee, No. 02-6214, 42 F. App'x 629, 2002 WL 1792110 (4th Cir. Aug. 6, 2002) ("Mandamus relief is warranted only when the petitioner has a clear right to the relief sought and there are no other means available for seeking that relief.").

**RECOMMENDATION**

Accordingly, the court recommends that the above-captioned case be dismissed without prejudice. See 28 U.S.C. § 1915; see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006) (noting that district courts are required to screen the merits of *in forma pauperis* complaints and " 'to exclude suits that have no arguable basis in law or fact.' ") (citation omitted).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 24, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).