IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Carol L. Hall, | ) | C/A NO. 3:11-3219-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Timothy Champayne, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint filed in this court relating to certain alleged actions of Defendant.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On February 27, 2012, the Magistrate Judge issued a Report recommending that this matter be dismissed without prejudice and without issuance and service of process. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so. On March 14, 2012, this court received a short letter from Plaintiff, which this court has construed as objections to the Report.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the Report. Accordingly, the court adopts the Report in its entirety by reference in this Order.

Plaintiff's letter states:

> As stated in statements sent before to your Office, the provision of 1 or 2 years (photocopies) of all information (most current) on file at HUD are needed to understand where you are, requests were made, however, never received from HUD.
>
> $3,000 [indecipherable] which are filed in HUD Complaint.

Letter at 1 (ECF No. 20). This "objection" fails to provide any basis which might convince this court that the Report is not sound in its analysis of the shortcoming of Plaintiff's complaint.

For these reasons, therefore, this matter is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 20, 2012